UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ERIC MICHAEL JAKLITSCH,<br><br>        Defendant. | No. 2:22-cr-15 WBS<br><br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ERIC MICHAEL JAKLITSCH,<br><br>        Defendant. | No. 2:22-cr-239 WBS |

----oo0oo----

On May 22, 2023, defendant was sentenced to a total term of 81 months' imprisonment in Case No. 2:22-cr-15 WBS and Case No. 2:22-cr-239 WBS. Defendant, through retained counsel, has filed identical motions to reduce his sentence under 18

1

U.S.C. § 3582(c)(2) and Amendment 821 in both cases.  (Docket No. 63 in Case No. 2:22-cr-15 WBS; Docket No. 27 in Case No. 2:22-cr-239 WBS.)

The government agrees that defendant is technically eligible for a retroactive application of the zero-point provision, although the court notes that defendant appears to be technically eligible for the reduction only because his case involving a separate fraudulent scheme in the District of New Jersey was transferred to this district and he was subsequently sentenced in both cases on the same day.  Nevertheless, the government argues that the court should decline to exercise its discretion to reduce defendant's sentence.  (Docket No. 63 in Case No. 2:22-cr-15 WBS; Docket No. 27 in Case No. 2:22-cr-239 WBS.)

For the reasons set forth at pages 5-7 of the government's opposition to the motions, the court declines to exercise its discretion to reduce defendant's sentence at this time.  As an initial matter, the court notes that it has been only a little over a year since defendant was sentenced, and thus defendant's history of no violations while incarcerated only slightly weighs in favor of a reduction.  Defendant also points to the mitigating factors discussed at sentencing, such as his acceptance of responsibility by pleading guilty, lack of prior criminal history, drug use which helped cause his criminal conduct, and work with youth as a basketball coach.  However, the court took all of these factors in account at sentencing, and they do not warrant a reduction in sentence now.

Most importantly, defendant was involved in two

separate fraud schemes which resulted in $3.4 million in losses to the California Employment Development Department and $777,000 in losses to the United States Small Business Administration and the identity theft of over 180 victims.  Defendant has never cooperated with law enforcement to identify his co-conspirators or locate any of the stolen funds.  Defendant has also not paid any of the restitution he owes.  Given the seriousness of these crimes and all the relevant factors, the court finds a reduction in sentence is not appropriate.

        IT IS THEREFORE ORDERED that defendant's motions (Docket No. 63 in Case No. 2:22-cr-15 WBS; Docket No. 27 in Case No. 2:22-cr-239 WBS) be, and the same hereby are, DENIED.

Dated:  June 17, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3